IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN J. MILES, #157867 *
               Plaintiff
   v. * CIVIL ACTION NO. AW-10-3011

MEDICAL SERVICES, INC. *
ABAYOMI ADEDIRAN
               Defendants. *
                       ***

## **MEMORANDUM**

Plaintiff=s prior civil cases illustrated that he is currently serving a cumulative 45-year sentence on rape and kidnapping convictions imposed in 1979 and 1980. On October 22, 2010, the court received for filing this 42 U.S.C. § 1983 complaint for $25,000,000.00 in punitive damages. Plaintiff files suit against [Correctional] Medical Services, Inc. and the former Director of Medical Care at the Maryland Correctional Institution in Hagerstown. Plaintiff states that he has a deformed right pinky finger due to prescribed "psychological medications." The thrust of his Complaint, however, concerns his claim that on July 15, 2008, he was not provided appropriate treatment for chest pains, pneumonia, and "two spots on his right lung" which were not observed until October 26, 2009. Paper No. 1. Plaintiff states that he is still not being treated for chest pains and pneumonia.[1] Accompanying the Complaint is Plaintiff=s Motion to Proceed *In Forma Pauperis*. Paper No. 2. His Complaint shall be dismissed without prejudice. As Plaintiff has accumulated more than three § 1915(e) dismissals of his prison civil actions, his Complaint is subject to dismissal pursuant to this Court=s authority under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that B

---

[1] Plaintiff also claims that he has not received prescribed eye drops for his glaucoma. Paper No. 1 at 4.

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court interprets this provision of the Act to require that once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, unless at the time he files the action he is under imminent danger of serious physical injury.[2] *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) *Debuc v. Johnson*, 314 F.3d 1205, 1208-09 (10th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d. 307, 313 (3rd Cir. 2001).

Given the application of the aforementioned statute, this action shall not be permitted to proceed. Review of Plaintiff's prior § 1983 actions discloses that five of his actions were dismissed without requiring service of process on defendants because they were frivolous or had failed to state a constitutional claim for federal district court consideration.[3] In all five cases, Plaintiff was granted

---

[2] Of course, this provision does not preclude an inmate from prepaying the full filing fee to re-file claims previously rejected under §1915(g).

[3] In reaching such a decision, the Court relies upon the prior orders of dismissal set out in *Miles v. Reginoe, et al.*, Civil Action No. S-94-2663 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-95-899 (D. Md.); *Miles v. Chance*, Civil Action No. S-95-1163 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-96-695 (D. Md.); and *Miles v. Governor, et al.,* Civil Action No. S-96-1921 (D. Md.). *See*

leave to proceed *in forma pauperis* pursuant to § 1915(a). In light of these previous "strikes" this action is subject to § 1915(g) dismissal. Moreover, the undersigned observes that Plaintiff raised claims concerning his chest pains, the biopsy of his chest lesions, and his hepatitis care, spinal injury and weight loss in *Miles v. Maynard, et al.*, Civil Action No. AW-09-3211 (D. Md.). Plaintiff was allowed to proceed in that action under the Aimminent danger@ exception of § 1915(g). The matter was subject to full and exhaustive briefing by the parties. While the court found no Eighth Amendment violations against the named Defendants and administratively closed the case on August 6, 2010, the medical defendant was ordered to provide the court a status report with regard to Plaintiff's pulmonary treatment and diagnosis. That report is due to be filed by November 8, 2010. *Id*. at Paper Nos. 53 & 54. Therefore, Plaintiff's medical claims have been and continue to be examined by the court despite the § 1915(g) bar. Plaintiff shall be denied leave to proceed without the prepayment of court costs. He may, however, resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

    A separate Order reflecting this opinion shall follow.


Date: <u>October 29, 2010</u>　　　　　　　_____//s//_____
　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge

---

*Evans v. Illinois Dep=t of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g) dismissal).